**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| JAMIE A. MCPHERSON,<br>ADC# 115330 | PLAINTIFF |
| V.           3:13CV00082-DPM-JJV | |
| JUSTIN KIMBLE[1], Officer,<br>Poinsett County Detention Center; *et al.* | DEFENDANTS |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshal Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted)

---

[1] Plaintiff sued Justin Timberlan. Defendants state Justin Timberlan has been improperly identified and the correct Defendant is Justin Kimble. (Doc. No. 15.) The Clerk shall correct the docket to reflect Justin Kimble as the proper Defendant.

was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Defendants' Motion to Dismiss (Doc. No. 15) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants state, "The Plaintiff's Complaint is almost entirely incomprehensible. His Complaint is full of mysterious references to 'phone apps,' a 'crucealyzer,' and an 'amer-uper.'" (Doc. No. 15 at 1.) Plaintiff responded and states, among other things, that he demands that his body be restored, his muscle strength be "put back," the millions of dollars that have been promised to him, and immediate release[2] from incarceration. (Doc. No. 18 at 2.) He also states he demands, "A police phone handed over so I can unbook people as I see fit." (*Id.*)

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the

---

[2]The Arkansas Department of Correction website reports that Plaintiff has been placed in Ouachita River Correctional Facility Mental Health Residential Program Unit.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. at 545. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 545-46.

Mr. McPherson's Complaint fails to state a claim upon which relief may be granted. His allegations are difficult to comprehend and fail to establish sufficient facts to show a plausible violation of his constitutional rights. The allegations are largely inconceivable or outline conduct not actionable under 42 U.S.C. § 1983. For example, the alleged verbal harassment do not amount to constitutional violations. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("mere threatening language and gestures of a state actor do not, even if true, amount to constitutional violations"). Therefore, the Court finds that Mr. McPherson's Complaint should be dismissed.

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED with prejudice;

2. All pending motions be rendered MOOT.

3. Dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g); and

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order adopting these recommendations would not be taken in good faith.

DATED this 9th day of October, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE